Dear Mr. DeCuir:
On behalf of Southern University at New Orleans (SUNO), you ask this office if Representative Austin Badon may also hold employment with SUNO.
Pursuant to the Louisiana Dual Office holding and Dual Employment Laws, R.S. 42:61, et seq., a state representative holds elective office within the legislative branch of state government, while employment with Southern University at New Orleans constitutes employment within the executive branch of state government. See R.S. 42:62(6) and (7).[1]
A person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. R.S.42:63(C) provides:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
Despite the foregoing prohibition of law, there is an exemption which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S. 42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. *Page 2 
While there is no definition of "professional educational capacity" found within the provisions of the dual officeholding statutes, this office has consistently interpreted the phrase to mean the following, as state in Opinion 94-278:
 The exemption found in LSA-R.S. 42:66(B) is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process.
On at least three different occasions, this office has concluded that a state legislator may continue his employment with a university, where his duties included teaching classes to students. See Opinions 95-425, 94-516, and 99-337, copies attached.
Mr. Badon holds the position of "Coordinator of Community Service Learning" within the Department of Student Development, Division of Student Affairs. Mr. Badon's job description does not require him to teach academic classes. Thus, in the absence of a requirement to teach classes, we look to certain factors which are indicative of an individual performing in a "professional educational capacity." These factors include duties which affect the curriculum taught at the university, duties which require participation in the delivery of educational programs at the university, and duties which require the planning of long and short range educational goals for the students at the university. The common element shared by these factors is each is related to or directly affects the curriculum or educational programs offered by the university. See Attorney General Opinion 95-113, copy attached.
Here, the job description provided reflects that, along with other duties, Mr. Badon establishes community service learning projects for students, places students in community agencies, and provides continuing field supervision of those students placed within these community agencies. In the opinion of this office, these duties impact the educational programs offered by the university, insofar as service learning projects are part of the curriculum of the university.
Thus, Mr. Badon performs in a "professional educational capacity" and falls within the dual officeholding exemption of R.S. 42:66(B). Mr. Badon may continue in his employment with SUNO while serving as state representative. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(6) and (7) provide, respectively:
(6) The executive branch of state government includes the following named officers and other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.
(7) The legislative branch of state government includes the members of the Senate and the House of Representatives, the officers, agents, and employees of the legislature of either house or of a committee of either house thereof, the legislative auditor, legislative fiscal officer, or any other agency created by law which is primarily legislative in nature, and any other legislative officer, office, or instrumentality of the state.
 Septmeber 27, 1995 OPINION 95-425 *Page 1 
OPINION 94-393
78 OFFICERS-Dual-Officeholding
LSA-R.S. 42:63(C); LSA-R.S. 42:66(B)
Under the Dual officeholding and Dual Employment Law, a person may hold the office of state legislator while holding employment as Assistant Teaching Professor of Nicholls State University.
Representative Warren J. Triche
 House of Representatives P.O. Box 802 Thibodaux, LA 70302
Dear Representative Triche:
This office is in receipt of your verbal opinion request of this date directed to Attorney General Richard P. Ieyoub.
You ask whether the Dual-Officeholding and Dual-Employment statutory provisions governing the simultaneous holding of certain positions would permit you to hold your position as legislator while holding employment as Assistant Professor of Nicholls State University. We conclude that an exemption within these provisions is applicable to your situation and that it is permissible for your to hold both positions concurrently.
Under LSA-R.S. 42:63, a person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. LSA-R.S. 42:63(C) provides:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
There is an exemption which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S.42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
In the opinion of this office, an individual who holds the rank of assistant professor and teaches a course at Nicholls State University is employed in a "professional educational capacity" with an educational institution. Because of the exemption contained in LSA-R.S. 42:66(B), it is *Page 2 
permissible for such person to also hold the office of state representative.
Based on these facts, we determine that you may continue to hold your position as state legislator while employed as the Assistant Professor of Nicholls State University.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 OPINION 94-516 *Page 1 
78 OFFICERS-Dual officeholding
LSA-R.S. 42:63(D); LSA-R.S. 42:61 et seq.: LSA-R.S. 42:66(B)
Because of the exemption contained within the Dual Officeholding and Dual Employment laws of this state, an individual may hold elective office while holding employment with a state university as a teacher.
 Honorable Thomas Warner Representative 8320 Lafitte Court Chalmette, LA 70043
Dear Representative Warner:
You inquire whether you may simultaneously hold your position as state legislator while holding employment as Acting Director of Administrative Services with Elaine P. Nunez Community College.
The law governing our response to your question is found within the provisions of the Dual Officeholding and Duel Employment law, LSA-R.S.42:61, et seq. Therein, under LSA-R.S. 42:63, a person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. LSA-R.S. 42:63(C) provides:
 (C) No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
There is an exemption within the law which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S. 42:66(B) provides:
 (B) Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
You advise you are required to teach at least one three (3) hour course at the university. For this reason, we are of the opinion that you are "employed in a professional educational capacity" under the statute. The exemption is applicable, and you may hold both positions concurrently.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK.ams
 OPINION 99-337 *Page 1 
R.S. 42;61, et seq.; R.S. 42:66 (B)
A state legislator may also hold employment as a school teacher without violating the Dual Officeholding and Dual Employment Laws.
Honorable Errol "Romo" Romero
State Representative
300 Iberia Street, Suite A 326
New Iberia, La 70560-4543
Dear Representative Romero:
In response to your inquiry of recent date, this office is of the opinion that a state legislator may also hold employment as a school teacher without violating the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., because of the specific exemption provided by R.S. 42:66 (B):
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional education capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK.ams
 OPINION 95-113 *Page 1 
OPINION 95-113
78 OFFICERS-Dual Officeholding
LSA-R.S. 42:61 et seq.; LSA-R.S. 42:62(1); LSA-R.S. 42:62(3); LSA-R.S.42:62(6); LSA-R.S. 42:63; LSA-R.S. 42:63(D); LSA-R.S. 42:66(B)
Under the Dual Officeholding and Dual Employment Law, the Director of Special Services in the Operation and Maintenance of Physical Facilities may not also hold elective office as Monroe City Councilman.
 Mr. Charles L. Hamaker Monroe City Attorney P.O. Box 123 Monroe, LA 71210-0123
Dear Mr. Hamaker:
In your correspondence of recent date you inquire whether a member of the Monroe City Council may legally continue to hold full-time employment with Northeast Louisiana University.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61 et seq., govern our response. The position of Monroe City Council member is a local elective office, while employment with Northeast Louisiana University' constitutes employment in the government of this state. See LSA-R.S. 42:62(1); LSA-R.S. 42:62(3); and LSA-R.S.42:62(6).
LSA-R.S. 42:63, providing the prohibitions against the concurrent holding of certain offices and employments, prohibits the simultaneous holding of the positions in question. LSA-R.S. 42:63(D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
The law provides for an exemption in LSA-R.S. 42:66(B), stating:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Pursuant to this exemption, if the position of the Director of Special Services in the Operation and Maintenance of Physical Facilities for the Special Services Department under the Business *Page 2 
Division of the University is considered employment in a "professional educational capacity", then the simultaneous holding of an elective office would not be prohibited.
The job description for the position with the University is as follows:
 This professional supervisory position within the Division of Business Affairs is responsible for all athletic, intramural, and recreational grounds maintenance and operations. Reporting to the Vice President of Business Affairs, and as delegated to the Director of Physical Plant, this Budget Unit Head is responsible for meeting intercollegiate competition field requirements in football, baseball, softball, and track and field. This position also manages personnel meeting [sic] selected athletic facility maintenance responsibilities. Administrative responsibilities include staffing, budgeting, records, managing the Summer Work Program, and generating reports for facilities operations.
From a review of the job description quoted above, the individual holding the University position is not required to teach, to affect the curriculum taught at the University, nor is he required to directly participate in the delivery of educational programs at the University. This office has previously found the presence of these factors to be indicative of an individual performing in a "professional educational capacity." See Attorney General Opinions 94-278 and 93-625, copies of which are enclosed.
Because these factors are absent, it is the opinion of this office that the Director of Special Services at the University is not employed in a "professional educational capacity". Thus, LSA-R.S. 42:63(D) precludes him from simultaneously holding the elective office of Monroe City Councilman.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK.ams
 OPINION NUMBER 93-625 *Page 1 
LSA-R.S. 42:61 et seq.
LSA-R.S. 42:63
LSA-R.S. 42:63D
Under the Dual Office Holding Law, the Assistant Housing Director at Grambling State University may not also hold elective office on Monroe's City Council.
 Mr. Harold Lundy, President Grambling State University Post Office 607 Grambling, Louisiana 71245
Dear Mr. Lundy:
You have requested the opinion of this office concerning LSA-R.S.42:61 et seq., the Louisiana Dual Office Holding Law. Your opinion request poses the following query:
 May a person employed in an unclassified position at Grambling State University as Assistant Director of Housing also concurrently serve as an elected member of the Monroe City Council?
The policy behind the Dual Office Holding Law is the promotion and maintenance of the citizenry's confidence in public officials and employees of this state and in governmental decisions. The Dual Office Holding Law aims to achieve the goals of this policy by defining, regulating, and prohibiting dual office holding. LSA-R.S. 42:61.
Under LSA-R.S. 42:63 certain persons holding elective or appointive office or employment in this state are prohibited from also holding another position in state or local government. LSA-R.S. 42:63 D. provides in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added) *Page 2 
According to your query, the two positions at issue are: one, membership on Monroe's City Council and, two, employment at Grambling State University as Assistant Housing Director. The position of Assistant Housing Director at Grambling State University is considered "employment in the government of this state" while membership on Monroe's City Council is considered to be holding of an "elective office in a political subdivision of this state". From a reading of the plain language of this statute, it would seem that the holding of these two positions concurrently would be prohibited by law.
LSA-R.S. 42:66B., however, provides the following exemption to the general dual office holding prohibitions, it reads:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. (Emphasis added)
Under this statutory provision, if the position of Assistant Housing Director is considered employment in a "professional educational capacity," then the concurrent holding of an elective office with this position would not be prohibited.
According to information supplied to this office along with your opinion request, the position of Assistant Director of Housing at Grambling State University has the following job responsibilities:
 -assisting the Director of Housing with every departmental project, assists the area Coordinator with problems;
 -assists the Director of Housing in ordering supplies;
 -represents the Director at various meetings;
 -attends various workshops; *Page 3 
 -assists with making all initial room assignments and maintaining records concerning residence hall occupancy;
 -assists with physical upkeep of the residence halls;
 -assists with establishing rules and regulations governing students living in the residence halls; and
 -performs other duties as assigned by the Director.
It is further pertinent to note that the qualifications for this position require a minimum of a bachelor's degree in the area of administration, counseling, or related fields, or a minimum of five years experience in higher education. The Assistant Housing Director is not required to teach, to affect the curriculum taught at the University, or to directly participate in the delivery of educational programs at the University. Based upon these facts, it is the opinion of this office that the position of Assistant Housing Director at Grambling State University is not employment in a professional educational capacity. Therefore, the Assistant Housing Director may not also hold the elective office of membership on the Monroe City Council without violating the provisions of LSA-R.S. 42:63.
I hope that this adequately addresses your question. If you require further assistance, please do not hesitate to ask.
 Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY:__________________________
 GINA M. PULEIO Staff Attorney
 RPI/GMP/18790
 OPINION NUMBER 94-278 *Page 1 
78- OFFICERS — Dual Office Holding LSA-R.S. 42:63D.
LSA-R.S. 42:66B.
LSA-R.S. 42:61 et seq.
The Director of Business Services at the University of Southwestern Louisiana is now employed in a professional education capacity for purposes of LSA-R.S. 42:66B and, thus, the director is prohibited LSA-R.S. 42:63D. from concurrently holding the position of Alderman for the Village Maurice, Louisiana.
 Mr. Calvin E. Woodruff, Jr. Cooper Woodruff Post Office Box 1213 Abbeville, Louisiana 70511-1213
Dear Mr. Woodruff:
Your request for an opinion of the Attorney General on behalf of Mr. Wayne Theriot, Alderman for the Village of Maurice, Louisiana, has been received by this office and assigned to me for disposition.
As indicated in your letter of request, Mr. Theriot is an elected official of the Village of Maurice serving as an Alderman. Mr. Theriot is also employed on a full-time basis with the University of Southwestern Louisiana as Director of Business Services. You therefore ask whether the holding of these two positions concurrently violates the Louisiana Dual Officeholding Law, LSA-R.S. 42:61 et seq.
According to LSA-R.S. 42:63D., the holding of an elective office in a political subdivision of this state while holding employment with the state government is prohibited. Thus, employment with the University of Southwestern Louisiana while holding the office of Alderman of the Village of Maurice violates the Dual Officeholding Law.
LSA-R.S. 42:66B. however, provides for exemptions from the prohibitions found in the Dual Officeholding Law. Specifically, LSA-R.S. 42:66B. provides:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. *Page 2 
Thus, if the exemption for employment in a professional educational capacity applies to Mr. Theriot's employment as the Director of Business Services, the prohibition found in LSA-R.S. 42:63D. will not prohibit the concurrent holding of the two positions at issue.
The language "professional educational capacity" is not defined under the Dual Officeholding Law and the meaning of this provision is not clear from the statutory language itself. Thus, the legislative intent behind the enactment of this statute must be determined by going beyond this specific language by construing the language in the context of the statute as a whole. Gautreau v. Board of Elec. Examiners of City ofBaton Rouge, 167 So.2d 425 (La.App. 1964). In addition, the statute must be construed so as to accomplish the purpose for which it was enacted and to give effect to legislative will. Respondent Co. v. KraussCo., 9 So.2d 303, 200 La. 959 (La. 1942).
The exemption found in LSA-R.S. 42:66B. is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process. Thus, an employee of an educational institution, such as University of Southwestern Louisiana, whose employment is not in a professional capacity and/or is unrelated to the institution's educational role would not fall within the exemption of LSA-R.S. 42:66B.
The employment at issue in your opinion request is that of Director of Business Services at the University of Southwestern Louisiana. The job responsibilities of the director include supervision of the Bursar's Office the Cashier's Office, the Data Control Office, Accounts Payable Office and the University Post Office. Further, the director serves as Chairman of the University Fee Committee which reviews student appeals as they relate to their educational expenses. Thus, the director's duties primarily concern the payment of tuition and other educational expenses, personnel payroll and related matters. These functions involve the University's finances and are crucial to its survival, however, they do not involve the educational process. *Page 3 
Therefore, it is the opinion of this writer that the Director of Business Services at the University of Southwestern Louisiana is not employed in a professional educational capacity for purposes of LSA-R.S.42:66B. and, thus, the director is prohibited by LSA-R.S. 42:63D. from concurrently holding the position of Alderman for the Village of Maurice, Louisiana.
I hope that this has sufficiently addressed your questions. If you require any further information, please do not hesitate to ask.
 Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY:__________________________
 gina M. PULEIO Assistant Attorney General
 RPI/GMP:pb/2136o